Brad Eric Scheler
Gary L. Kaplan
Andrew M. Minear
Sari J. Rosenfeld
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

*Attorneys for Richard Barker and Simon Edel as*
*Foreign Representatives of CX Reinsurance*
*Company Limited (in Administration)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| ------------------------------------------------------------- x | | |
| | : | |
| *In re:* | : | Chapter 15 |
| | : | |
| CX REINSURANCE COMPANY LIMITED (in Administration) | : | Case No. 20-12156 (__) |
| | | |
| Debtor in a Foreign Proceeding | : | |
| | : | |
| ------------------------------------------------------------- x | | |

**VERIFIED PETITION FOR RECOGNITION OF FOREIGN**
**MAIN PROCEEDING AND RELATED RELIEF**

Richard Barker and Simon Edel, in their capacity as foreign representatives and joint administrators (the "**Foreign Representatives**" or the "**Administrators**") of CX Reinsurance Company Limited (in Administration) (the "**Company**"), as debtor in administration under Schedule B1 of the Insolvency Act of 1986 of England and Wales (the "**Insolvency Act**" and such proceeding together with any ancillary, related or subsequent proceeding in England and Wales, the "**UK Proceeding**"), pursuant to an order by the High Court of Justice, the Business and

Property Courts of England and Wales (the "**English Court**") dated August 17, 2020 (and any amendments thereto, the "**Administration Order**"), by and through their undersigned counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, respectfully submit this *Verified Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "**Verified Petition**" and together with the Official Form 401 Petition filed contemporaneously herewith, the "**Chapter 15 Petition**") seeking the entry of an order substantially in the form of **Exhibit A**: (i) recognizing the UK Proceeding as a "foreign main proceeding" under sections 1515 and 1517 of title 11 of the of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**"); (ii) recognizing the Administrators as the Foreign Representatives, jointly and individually, of the Company in connection with the UK Proceeding; (iii) giving full force in the United States to the Administration Order, including any extensions or amendments thereof authorized by the English Court; (iv) granting related relief upon recognition of the UK Proceeding as a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code; (v) granting such other relief as this Court may find just and proper and (vi) otherwise granting comity to and giving full force and effect to the UK Proceeding.

In support of the Chapter 15 Petition, the Foreign Representatives have filed concurrently herewith (a) *Memorandum of Law in Support of the Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "**Memorandum of Law**"), (b) the *Declaration of Richard Barker as Foreign Representative of CX Reinsurance Company Limited in Support of Its Verified Petition for Recognition of Foreign Main Proceeding and Granted Certain Related Relief* (the "**Barker Declaration**"), and (c) the *Declaration of Ashley Jacob Katz in Support of the Petition for Recognition of Foreign Main Proceeding and Certain Related Relief* (the "**Katz Declaration**"),

which are incorporated herein by reference, and the Foreign Representatives respectfully state as follows:

## BACKGROUND[1]

1.      The Company was incorporated in England and Wales on December 13, 1972, under the name Continental Casualty Company Limited and was authorized as an insurance company by the United Kingdom's Department of Trade & Industry on November 10, 1976. The Company's registered office is located at 1 More London Place, London, SE1 2AF and its administrative headquarters and principal place of business is at 1 Royal Exchange Avenue, London EC3V 3LT.

2.      The Company is authorized and regulated in England and Wales by the Prudential Regulation Authority ("**PRA**") and the Financial Conduct Authority ("**FCA**").

*Insurance Business*

3.      Prior to 2001, the Company underwrote an insurance and reinsurance portfolio including international property and casualty, business and professional liability, medical malpractice risks, errors and omissions risks, and directors and officer's risks.

4.      In August 2001, the Company ceased writing new business and since then has been in solvent runoff. While in runoff, the Company has been managing the Company's existing insurance and reinsurance policies, including settling creditor claims and collecting reinsurance recoveries due from reinsurers.

*Financial Position of the Company*

5.      Since entering into runoff in 2001, the Company has reduced its liabilities through pro-active claims management from approximately $2.2 billion to approximately $39 million as

---

[1] The Barker Declaration includes a more detailed discussion of the Company's background.

of December 31, 2019 (in both cases, on a gross, undiscounted basis). Approximately half of the Company's remaining liabilities relate to the direct insurance business, and the other half relate to the reinsurance business.

6.      The Company's principal assets in the United States include investment assets in the amount of $35m held in accounts with State Street Bank (the "**Investment Assets**") and residual interests in two trusts established for the benefit of the Company's direct and reinsurance creditors (the "**Trust Assets**"). The Trust Assets include a surplus lines trust and a reinsurance trust, each of which are also held with State Street Bank and are regulated by the New York State Department of Financial Services (the "**New York Regulator**"). The Foreign Representatives have already engaged in preliminary discussions with, and are working cooperatively with the New York State Department of Financial Services regarding the UK Proceeding and this chapter 15 case (this "**Chapter 15 Case**").

7.      As a regulated insurance business in England and Wales, the Company is subject to certain capital requirements pursuant to EU Solvency II Directive (2009/138/EC) ("**Solvency II**"), including a solvency capital requirement ("**Solvency Requirement**"). To be compliant with its Solvency Requirement, the Company would need sufficient assets to have a 99.5% probability of satisfying all of its creditor's claims. Although the Company has reduced its liabilities and received an equity infusion from its sole shareholder, the Company has been unable to meet its Solvency Requirement since Solvency II first came into effect in January 2016. Given the current reduced size of the Company's balance sheet, the Company could not conclude runoff unless it were to materially reduce its current expenses, or, in the alternative, enter into an English scheme of arrangement or an insolvency proceeding. As a result, the PRA requested the Company put together a plan to do so.

*Events Leading to Administration*

8.      In an effort to end runoff, the Company's board of directors (the "**Board**") considered several alternative strategies, and determined that a solvent scheme of arrangement would be in the best interests of all the Company's stakeholders including reinsurance creditors because it would address actual and anticipated Solvency II capital breaches and end runoff on a solvent basis. In October 2019, the Company began preparations for a solvent scheme of arrangement and submitted the proposed solvent scheme of arrangement documentation to the PRA for review on May 1, 2020.

9.      Following a series of ongoing discussions with the PRA, the Board reviewed and re-assessed the risks arising out of certain litigation and determined to delay the solvent scheme of arrangement. In particular, the Board was concerned about the Company's involvement in protracted lead paint litigation in the United States, which related to the Company seeking to rescind numerous policies issued to Baltimore landlords based on alleged policyholder misrepresentations at the time of underwriting (collectively, the "**Lead Paint Litigation**"). Resolution of the Lead Paint Litigation remains uncertain including its duration and economic impact.

10.      Uncertainty surrounding the Lead Paint Litigation was one of several risks that ultimately led the Board to delay the launch of the solvent scheme of arrangement and consider other alternatives. The Board also considered risks associated with potential deterioration of the Company's investments, cost of undertaking the solvent scheme of arrangement and uncertainty surrounding the other liabilities of the Company.

11.      The Company's liabilities currently exceed its assets by approximately $4.887 million, and therefore, it cannot pay its debts as they come due. The Company has now ceased all

payments to unsecured insurance and reinsurance creditors to mitigate the risk of making preferential payments in contravention of the priority waterfall applicable in the UK Proceeding.

*Commencement of Administration*

12.     In recent months, the Board decided that it would not be appropriate to proceed with the Solvent Scheme, and that instead, an administration under the laws of England and Wales would provide the best outcome for the Company's creditors as a whole,  in circumstances where the Company is unable to pay its debts as they fall due. As a result, the Company has now ceased all payments to unsecured insurance and reinsurance creditors to mitigate the risk of making preferential payments in contravention of the priority waterfall applicable in the UK Proceeding. Furthermore, the Board determined that until the Lead Paint Litigation is resolved, no plan to wind up the Company could be successful. As such, the Company needs "breathing room" to resolve large uncertainties on its balance sheet, which is facilitated by placing the Company in Administration.

13.     On August 17, 2020, by virtue of the Administration Order, the Company entered into the UK Proceeding under the Insolvency Act. Richard Barker, an associate partner, and Simon Edel, a partner, at Ernst & Young LLP, were appointed as Administrators and pursuant to that authority and the authority granted under the Insolvency Act, they are the Company's Foreign Representatives. A true and correct copy of the Administration Order is attached to the Barker Declaration as **Exhibit A**.

14.     In the UK Proceeding, a statutory moratorium broadly akin to the Bankruptcy Code's automatic stay came into effect. The effect of the moratorium is to provide the Administrators with "breathing room" as described above to formulate proposals with respect to

the Company, its creditors, and its assets without the Company being subject to new or continuing litigation or claims in England and Wales.

15.     However, the UK Proceeding and therefore the moratorium does not have extra-territorial effect in a foreign country. As discussed above, the Company's Trust Assets and Investment Assets are located in the United States. In addition, many of the Company's creditors, including the plaintiffs in the Lead Paint Litigation, are located in the United States. The Barker Declaration includes additional details regarding the Lead Paint Litigation. A complete list of the active litigation cases to which the Company is a party is annexed as **Schedule B** to the petition.

*Commencement of Chapter 15 Case*

16.     The Foreign Representatives commenced this Chapter 15 Case to seek recognition of the UK Proceeding in order to preserve the Company's Trust Assets and Investment Assets, to give effect to the Company's UK Proceeding in the United States, and to ensure an orderly and consistent management of the Company's affairs by the Foreign Representatives in England and Wales and in the United States.

17.     The Company requires the protections afforded to foreign debtors under chapter 15 of the Bankruptcy Code and, more specifically, recognition and relief under sections 1520 and 1521 of the Bankruptcy Code in order to ensure orderly and consistent administration of the Company's affairs by the Foreign Representatives in the United States and England and Wales. Without recognition, parties may continue to take action against the Company in the United States despite the moratorium imposed in the UK Proceeding. Continuation of litigation and enforcement actions against the Company in the United States will impair the ability of the Foreign Representatives to conduct an orderly proceeding and deplete the Company's limited resources and the Company's assets located in the United States in defending such actions,

including the Company's Trust Assets and bank accounts. The Foreign Representatives seek "breathing room" for the Company through recognition of the UK Proceeding while the Foreign Representatives determine the next steps for the Company, which may include a scheme of arrangement. The Foreign Representatives may seek enforcement or recognition of such scheme at the appropriate time.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

19.     This Chapter 15 Case has been commenced properly pursuant to section 1504 of the Bankruptcy Code by the filing of the Chapter 15 Petition for recognition of the UK Proceeding pursuant to section 1515 of the Bankruptcy Code.

20.     Venue is proper in this district pursuant to 28 U.S.C. § 1410(1), which provides that venue is proper in a district in which the debtor's principal assets in the United States are located. The Company's principal assets in the United States are the Trust Assets and Investment Assets held in New York County, within this district.

21.     The statutory predicates for the relief requested herein are sections 1515, 1517, 1520, and 1521 of the Bankruptcy Code.

## RELIEF SOUGHT

22.     The Foreign Representatives seek entry of an order of this Court, substantially in the form attached hereto as **Exhibit A**, granting the following relief:

a.  recognition of the UK Proceeding as a "foreign main proceeding," as defined in section 1502(4) of the Bankruptcy Code, and in accordance with section 1517 of the Bankruptcy Code;

b.  recognition of the Administrators as "foreign representatives" of the Company within the meaning of section 101(24) of the Bankruptcy Code and for all purposes, under chapter 15 of the Bankruptcy Code;

c.  all relief afforded to a foreign main proceeding automatically upon recognition, including the "automatic stay" under section 362 of the Bankruptcy Code, as of right under section 1520(a) of the Bankruptcy Code, or, if not as of right, then as additional relief to the extent authorized by section 1521 of the Bankruptcy Code; and

d.  such other relief as this Court may consider just and proper.

23.     The Foreign Representatives also seek additional relief under section 1521 of the Bankruptcy Code, and, if and as necessary, Federal Rule of Civil Procedure 65, as made applicable through Rule 7065 of the Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**"), including, without limitation:

a.  providing for the Foreign Representatives to examine witnesses, take evidence, and deliver information concerning the Company's assets, affairs, rights, obligations, or liabilities under section 1520(a) of the Bankruptcy Code; and

b.  entrusting the administration or realization of all or part of the Company's assets within the territorial jurisdiction of the United States to the Foreign Representatives under section 1520(a) of the Bankruptcy Code.

24.     In order to facilitate an efficient administration and for purposes of judicial efficiency, the Foreign Representatives also seek authorization to modify or lift the automatic stay with respect to a specific litigation matter in the United States, with the agreement of the counterparty to such litigation and without further order of the Court, by providing a notice to all parties in such litigation and filing such notice on the docket.

25.     The Foreign Representatives reserve the right to request other, additional further relief or assistance as may be just and appropriate by further application.

## **BASIS FOR RELIEF**

*Recognition of UK Proceeding*

26.     For the reasons more fully discussed in the Memorandum of Law filed contemporaneously herewith, the UK Proceeding is entitled to recognition under section 1517 of the Bankruptcy Code because:

a. the UK Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code because the proceeding was commenced in England and Wales under the Insolvency Act and is now subject to the jurisdiction of the English Court, the UK Proceeding is a collective proceeding because the Administrators must perform their functions in the interests of all of the Company's creditors as a whole, and because the Company's assets and business affairs are supervised by the English Court during the term of the UK Proceeding;

b. the UK Proceeding is a "foreign main proceeding" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code, as the UK Proceeding is being carried out in England and Wales, which is where the Company has its center of main interests including its registered office, headquarters and principal place of business;[2]

c. The Administrators are each a "person" and are "foreign representatives" within the meaning of sections 101(41) and 101(24) of the Bankruptcy Code based on the authority of the Administration Order and the Insolvency Act; and

d. the Chapter 15 Petition meets the requirements of section 1504, 1509, and 1515 of the Bankruptcy Code because it was accompanied by all fees, documents, and other information required by the Bankruptcy Code and Bankruptcy Rules, including:

   i. a certified copy of the Administration Order;

   ii. lists pursuant to Bankruptcy Rule 1007(a)(4)(B) containing (i) the names and addresses of all persons or bodies authorized to administer foreign proceedings of the Company, (ii) all entities against whom provisional relief is being sought under section 1519 of the Bankruptcy Code, and (iii) all parties to litigation pending in the US to which the Company is a party as of the date of the Chapter 15 Petition; and

   iii. a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1 and a statement identifying all foreign proceedings with respect to the Company that are known to the Foreign Representatives.

---

[2]  Section 1516(c) of the Bankruptcy Code provides that, in the absence of evidence to the contrary, a debtor's registered office is presumed to be the center of the debtor's main interests.

27.     Granting recognition of the UK Proceeding will promote the United States' public policy of respecting foreign insolvency proceedings as articulated in sections 1501(a) and 1508 of the Bankruptcy Code and will further facilitate cooperation between courts in cross-border insolvency matters as mandated by section 1525(a) of the Bankruptcy Code. Further, recognition of the UK Proceeding would not be manifestly contrary to the public policy of the United States in contravention of section 1506 of the Bankruptcy Code. Thus, the conditions for recognition of the UK Proceeding as a "foreign main proceeding" set forth in sections 1515 and 1517 of the Bankruptcy Code have been satisfied.

## **NOTICE AND HEARING**

28.     Contemporaneously herewith, the Foreign Representatives have filed their *Ex Parte Motion of Foreign Representatives for Order Scheduling Hearing and Specifying the Form and Manner of Service of Notice* (the "**Scheduling Motion**"). In accordance with the Scheduling Motion, notice of this Chapter 15 Petition has been provided by first class mail to: (a) all persons or bodies authorized to administer foreign proceedings of the Company; (b) counsel to the litigation claimants listed on **Schedule B** of the petition; (c) all known creditors of the Company in the United States pursuant to Rule 2002 of the Bankruptcy Rules (d) the Office of the U.S. Trustee; (e) the New York State Department of Financial Services; and (f) all other parties that this Court may direct.

29.     By such notice, all parties in interest in the United States will be advised of the commencement of the Chapter 15 Case, the relief requested by the Chapter 15 Petition, the central documents filed with the Court respecting the Chapter 15 Case, as well as the date, place and time of the hearing to consider the Chapter 15 Petition and the date, time and manner for filing and serving a response or motion respecting the Chapter 15 Petition and the relief requested therein,

in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Procedure for the Southern District of New York.

30.     Pursuant to the Scheduling Motion, the Foreign Representatives also request that this Court set the date for the hearing on recognition and to consider the proposed order at the earliest possible time, consistent with Bankruptcy Rule 2002(q)(1).

## **CONCLUSION**

WHEREFORE, the Foreign Representatives respectfully request that this Court grant this Chapter 15 Petition and enter an order in the form attached hereto as **Exhibit A** (i) recognizing the UK Proceeding as a "foreign main proceeding," (ii) recognizing the Administrators as the Foreign Representatives, jointly and individually, of the Company in connection with the UK Proceeding; (iii) giving full force in the United States to the Administration Order including any extensions or amendments thereof authorized by the English Court; (iv) granting related relief upon recognition of the UK Proceeding as a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code (v) granting such other relief as this Court may find just and proper and (vi) otherwise granting comity to and giving full force to the UK Proceeding.

Dated: New York, New York
      September 14, 2020

                          FRIED, FRANK, HARRIS, SHRIVER
                              & JACOBSON LLP

                          /s/ Gary L. Kaplan
                          Gary L. Kaplan
                          Brad Eric Scheler
                          Andrew M. Minear
                          Sari J. Rosenfeld
                          One New York Plaza
                          New York, New York  10004
                          Telephone:     (212) 859-8000
                          Facsimile:     (212) 859-4000

                          *Attorneys for Richard Barker and Simon Edel as Foreign Representatives of CX Reinsurance Company Limited (in Administration)*

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, Richard Barker declares as follows:

I am a foreign representative of CX Reinsurance Company Limited (in Administration). I have full authority to verify the foregoing *Verified Petition for Recognition of Foreign Main Proceeding and Related Relief*, including each of the attachments and appendices thereto (the "**Chapter 15 Petition**"). I have read the foregoing Chapter 15 Petition, and am informed and do believe that the allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14 day of September, 2020

_____
Richard Barker
Joint Administrator
CX Reinsurance Company Limited (in
 Administration)

**<u>Exhibit A</u>**

**Proposed Order**

Brad Eric Scheler
Gary L. Kaplan
Andrew M. Minear
Sari J. Rosenfeld
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

*Attorneys for Richard Barker and Simon Edel as
Foreign Representatives of CX Reinsurance
Company Limited (in Administration)*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------  x
                                                                  :
In re:                                                            :      Chapter 15
                                                                  :
CX REINSURANCE COMPANY LIMITED (in                                :      Case No. 20-12156 (__)
Administration)                                                   :
                                                                  :
            Debtor in a Foreign Proceeding                        :
                                                                  :
----------------------------------------------------------------  x
```

### ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND RELATED RELIEF

Richard Barker and Simon Edel, in their capacity as foreign representatives and joint administrators (the "**Foreign Representatives**" or the "**Administrators**") of CX Reinsurance Company Limited (in Administration) (the "**Company**"), as debtor in administration under Schedule B1 of the Insolvency Act of 1986 of England and Wales (the "**Insolvency Act**" and such proceeding together with any ancillary, related or subsequent proceeding in England and Wales, the "**UK Proceeding**"), pursuant to an order by the High Court of Justice, the Business and Property Courts of England and Wales (the "**English Court**") dated August 17, 2020 (and any amendments thereto, the "**Administration Order**"), having filed the *Verified Petition for*

*Recognition of Foreign Main Proceeding and Related Relief* (the "**Chapter 15 Petition**") commencing the above-captioned chapter 15 case (the "**Chapter 15 Case**") pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (as amended, the "**Bankruptcy Code**") seeking the entry of an order ("**Order**") (i) recognizing the UK Proceeding as a "foreign main proceeding" under sections 1515 and 1517 of the Bankruptcy Code; (ii) recognizing the Administrators as the Foreign Representatives, jointly and individually, of the Company in connection with the UK Proceeding; (iii) giving full force in the United States to the Administration Order including any extensions or amendments thereof authorized by the English Court; (iv) granting related relief upon recognition of the UK Proceeding as a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code; (v) granting such other relief as this Court may find just and proper; and (vi) otherwise granting comity to and giving full force and effect to the UK Proceeding; and the Court having considered and reviewed the Chapter 15 Petition and the other pleadings and exhibits submitted by the Foreign Representatives in support of the Chapter 15 Petition (collectively the "**Supporting Papers**") and all objections or other responses filed thereto; and a hearing having been held on [●], 2020; due and timely notice of the filing of the Chapter 15 Petition having been given in accordance with this Court's order dated [●], 2020 [Docket No.[●]], approving the form of notice and manner of service thereof, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given;

NOW, THEREFORE, the Court hereby finds and determines as follows:

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.      Venue is proper in this district pursuant to 28 U.S.C. § 1410.

D.      The Administrators are each a "person" as defined in section 101(41) of the Bankruptcy Code and based on the authority of the Administration Order and Insolvency

Act, they are "foreign representatives" within the meaning of section 101(24) of the Bankruptcy Code.

E.      The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

F.      The Chapter 15 Petition and Supporting Papers meet all of the requirements of section 1515 of the Bankruptcy Code.

G.      The UK Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

H.      England and Wales is the center of main interests of the Company, and, accordingly, the UK Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I.      The relief granted herein is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 1507, 1509 and 1520 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of the relief granted.

J.      The Foreign Representatives and the Company, as applicable, are entitled to all of the relief available pursuant to sections 1520 and 1521(a)(4) and (5) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code, to protect the assets of the Company and the interests of the Company's creditors.

K.      Absent the requested relief, the efforts of the Company, the English Court and the Administrators, in conducting an orderly and consistent administration of the Company's affairs may be frustrated or impaired by the actions of certain individual creditors, a result contrary to the purposes of chapter 15.

L.      The relief granted herein is necessary and appropriate, in the interests of the public and international comity, and consistent with the public policy of the United States.

ACCORDINGLY, after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Chapter 15 Petition is granted and the UK Proceeding is hereby recognized as

a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

2.      The Administrators are, jointly and individually, the foreign representatives of the

Company within the meaning of section 101(24) of the Bankruptcy Code and are authorized to act

on behalf of the Company in this Chapter 15 Case. The Administration Order (and any amendments or extensions thereof as may be granted from time by the English Court) is hereby given full force and effect in the United States.

3.      The Company and the Administrators, as its Foreign Representatives, are entitled to all of the relief provided pursuant to section 1520 of the Bankruptcy Code and all provisions of section 1520 of the Bankruptcy Code apply in this Chapter 15 Case throughout the duration of this Chapter 15 Case or until otherwise ordered by this Court, including, without limitation, application of the automatic stay imposed by section 362 of the Bankruptcy Code. Such relief shall include, without limitation, a stay of all judicial and foreclosure proceedings in the United States against any member of the Company or against any of their respective assets in the United States. The Foreign Representatives are authorized to modify or lift the automatic stay with respect to a specific litigation matter in the United States, with the agreement of the counterparty to such litigation and without further order of the Court, by providing a notice to all parties to such litigation and filing such notice on the docket.

4.      The Foreign Representatives are hereby established as the representatives of the Company with full authority to administer the Company's assets and affairs in the United States.

5.      The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.      The Foreign Representatives, the Company, and/or each of their respective successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

7.      This Order is without prejudice to the Foreign Representatives requesting any additional relief, including seeking recognition and enforcement in the United States of any further orders issued by the English Court.

8.      Any objections to the Chapter 15 Petition that have not been withdrawn or resolved are hereby overruled.

9.      This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

10.     The Foreign Representatives shall serve a copy of this Order by first class mail to (a) all persons or bodies authorized to administer foreign proceedings of the Company; (b) counsel to the litigation claimants listed on **Schedule B** of the petition; (c) all known creditors of the Company in the United States pursuant to Rule 2002 of the Bankruptcy Rules (d) the Office of the U.S. Trustee; (e) the New York State Department of Financial Services; and (f) all other parties that this Court may direct.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry

Dated: _____, 2020
        New York, New York

_____
THE HONORABLE [NAME]
UNITED STATES BANKRUPTCY JUDGE