Brad Eric Scheler
Gary L. Kaplan
Andrew M. Minear
Sari J. Rosenfeld
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

*Attorneys for Richard Barker and Simon Edel as*
*Foreign Representatives of CX Reinsurance*
*Company Limited (in Administration)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :
*In re:*                                                         :    Chapter 15
                                                                 :
CX REINSURANCE COMPANY LIMITED (in                               :    Case No. 20-12156 (___)
Administration)                                                  :
                                                                 :
        Debtor in a Foreign Proceeding                           :
                                                                 :
---------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF CHAPTER 15**
**PETITION FOR RECOGNITION OF FOREIGN MAIN**
**<u>PROCEEDING AND RELATED RELIEF</u>**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

PRELIMINARY STATEMENT .............................................................................................2

FACTUAL BACKGROUND ..................................................................................................3

JURISDICTION AND VENUE ..............................................................................................3

ARGUMENT ...........................................................................................................................4

    I.    THE COMPANY IS ELIGIBLE TO BE A DEBTOR UNDER THE BANKRUPTCY CODE ................................................................................... 4

    II.    THE UK PROCEEDING IS ENTITLED TO RECOGNITION AS A FOREIGN MAIN PROCEEDING ........................................................................ 4

        A.    This Case Concerns a "Foreign Proceeding" ............................................. 5

        B.    The UK Proceeding is Pending in the Company's Center of Main Interests ........................................................................................................ 7

        C.    The Case Was Commenced by the "Foreign Representatives" .................. 8

        D.    This Case Was Properly Commenced under Chapter 15 ............................ 9

    III.    RECOGNITION OF THE UK PROCEEDING IS NOT CONTRARY TO PUBLIC POLICY ........................................................................................... 10

CONCLUSION ......................................................................................................................12

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Avanti Commc'ns Grp. PLC*,
   582 B.R. 603 (Bankr. S.D.N.Y. 2018) .................................................................................... 7

*In re B.C.I. Fins. Pty Ltd.*,
   2018 Bankr. Lexis 1217 (Bankr. S.D.N.Y. 2018) .................................................................... 4

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*,
   374 B.R. 122 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008) ........................ 9

*In re ENNIA Caribe Holding N.V.*,
   594 B.R. 631 (S.D.N.Y. 2018) ................................................................................................ 5

*In re Ephedra Prods. Liab. Litig.*,
   349 B.R. 333 (S.D.N.Y. 2006) .............................................................................................. 10

*In re Gold & Honey, Ltd.*,
   410 B.R. 357 (Bankr. E.D.N.Y. 2009) .................................................................................. 10

*Hilton v. Guyot*,
   159 U.S. 113 (1895) .............................................................................................................. 10

*Iida v. Kitahara* (*In re Iida*),
   377 B.R. 243 (B.A.P. 9th Cir. 2007) ..................................................................................... 10

*In re Karhoo Inc., Case No. 16-13545*
   (MKV) [ECF No. 31] .............................................................................................................. 7

*In re Millennium Global*,
   458 B.R. 63 (Bankr. S.D.N.Y. 2011) ................................................................................. 4, 7

*In re NMC Health PLC.*,
   Case No. 20-11385 (MFW) (Bankr. D. Del. June 17, 2020) .................................................. 6

*In re Privilege Wealth Plc*,
   Case No. 18-25493 (JKS) (Bankr. D. N.J. Sept. 6, 2018) ....................................................... 7

*In re Qimonda AG*,
   433 B.R. ................................................................................................................................ 10

*In re Stronghold Insurance Company Ltd.*,
   Case No. 19-13096 (MEW) (Bankr. S.D.N.Y. Oct. 23, 2019) ................................................ 6

*In re Tri-Continental Exchange Ltd.*,
    349 B.R. 627 (Bankr. E.D. Cal. 2006) ................................................................................. 7

**Statutes**

11 U.S.C. § 101, *et seq* .......................................................................................................... 1, 9

11 U.S.C. § 101(23) .................................................................................................................. 5, 7

11 U.S.C. § 101(24) ............................................................................................................... 5, 8, 9

11 U.S.C. § 101(41) ...................................................................................................................... 5

11U.S.C. § 109(a) ......................................................................................................................... 4

11 U.S.C. § 1502(4) ............................................................................................................. 5, 7, 8

11 U.S.C. §1504 ..................................................................................................................... 3, 5, 9

11 U.S.C. § 1509 ...................................................................................................................... 5, 9

11 U.S.C. § 1515 ..................................................................................................................... 3, 5, 9

11 U.S.C. §1516 ...................................................................................................................... 7, 8, 9

11 U.S.C. § 1517(b) ............................................................................................................... 5, 7, 9

11 U.S.C. § 1501(a)(3) ................................................................................................................ 11

11 U.S.C. § 1501(b)(l) ................................................................................................................... 4

11 U.S.C. § 1506 .................................................................................................................... 9, 10

11 U.S.C. § 1517 ........................................................................................................... 1, 4, 5, 7, 9

28 U.S.C. §157 ............................................................................................................................. 3

28 U.S.C. §1334 ........................................................................................................................... 3

28 U.S.C. § 1410(1) ..................................................................................................................... 3

11 U.S.C. § 1520 ..................................................................................................................... 1, 11

**Other Authorities**

The UNCITRAL Guide to Enactment

**Introduction**

Richard Barker and Simon Edel, in their capacity as foreign representatives and joint administrators (the "**Foreign Representatives**" or the "**Administrators**") of CX Reinsurance Company Limited (in Administration) (the "**Company**"), as debtor in administration under Schedule B1 of the Insolvency Act of 1986 of England and Wales (the "**Insolvency Act**" and such proceeding together with any ancillary, related or subsequent proceeding in England and Wales, the "**UK Proceeding**"), pursuant to an order by the High Court of Justice, the Business and Property Courts of England and Wales (the "**English Court**") dated August 17, 2020 (and any amendments thereto, the "**Administration Order**"),[1] by and through their undersigned counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, filed concurrently with this Memorandum of Law the *Verified Petition for Recognition of Foreign Main Proceeding and Related Relief* (collectively, the "**Chapter 15 Petition**"),[2] seeking the entry of an order (i) recognizing the UK Proceeding as a "foreign main proceeding" under section 1517 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, (the "**Bankruptcy Code**"); (ii) recognizing the Administrators as the Foreign Representatives, jointly and individually, of the Company in connection with the UK Proceeding; (iii) giving full force in the United States to the Administration Order, including any extensions or amendments thereof authorized by the English Court; (iv) granting related relief upon a recognition of the UK Proceeding as a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code; (v) such other relief as this Court may find just and proper; and (vi) otherwise granting comity to and giving full force and

---

[1] A true and correct copy of the Administration Order is attached as **Exhibit A** to the *Declaration of Richard Barker as Foreign Representative of CX Reinsurance Company Limited in Support of Its Verified Petition for Recognition of Foreign Main Proceeding and Granting Certain Related Relief* (the "**Barker Declaration**").
[2] Capitalized terms used but not defined in this Memorandum of Law shall have the meanings assigned such terms in the Chapter 15 Petition.

effect to the UK Proceeding.[3]

The Foreign Representatives submit this Memorandum of Law in support of the Chapter 15 Petition, and respectfully state as follows:

## PRELIMINARY STATEMENT

The UK Proceeding and this chapter 15 case (this "**Chapter 15 Case**") are intended to provide the Company with "breathing room" to sort out certain large uncertainties on its balance sheet. On August 17, 2020, by virtue of the Administration Order, the Company was placed into the UK Proceeding by the English Court under and pursuant to the Insolvency Act. Richard Barker, an associate partner, and Simon Edel, a partner at Ernst & Young LLP, were jointly and individually appointed as Administrators of the Company.

The English Court appointed the Administrators to manage the Company's business and financial affairs. Based on that authority, and the authority granted to the Administrators under the Insolvency Act as detailed in the *Declaration of Ashley Jacob Katz in Support of Verified Petition for Recognition of Foreign Main Proceeding and Certain Related Relief* (the "**Katz Declaration**"), the Administrators are the Company's foreign representatives. Katz Declaration at ¶ 18.

The Foreign Representatives commenced this Chapter 15 Case to seek recognition of the UK Proceeding in order to give effect to the Company's UK Proceeding in the United States, and to ensure the Foreign Representatives' orderly management of the Company's affairs in England and Wales and in the United States. This Chapter 15 Case is necessary to preserve the Company's assets in the United States, which include certain investment assets held in accounts with State Street Bank (the "**Investment Assets**") and interests in two trusts regulated by the

---

[3] To the extent regulatory filings related to the trusts are required, the Company currently intends to submit such filings.

2

New York Department of Finance (the "**Trust Assets**"). Further, the Company requires relief to stay the multiple protracted litigations pending in the United States that are imposing a significant burden on the Company's remaining resources.

For the reasons set forth herein, recognition of the UK Proceeding is warranted because all of the requirements set forth in sections 1515 and 1517 of the Bankruptcy Code are satisfied, and such recognition would be in the best interests of the Company and its stakeholders.

## FACTUAL BACKGROUND

For a detailed description of the UK Proceeding and the Company's activities, business, corporate organization, capital structure, and circumstances leading to the filing of this Chapter 15 Case, the Court is respectfully referred to the Chapter 15 Petition and the Barker Declaration, filed contemporaneously herewith.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

This Chapter 15 Case has been commenced properly pursuant to section 1504 of the Bankruptcy Code by the filing of the Chapter 15 Petition for recognition of the UK Proceeding pursuant to section 1515 of the Bankruptcy Code.

Venue is proper in this district pursuant to 28 U.S.C. § 1410(1), which provides that venue is proper in a district in which the debtor's principal assets in the United States are located. The Company's principal assets in the United States are the Trust Assets and Investment Assets held in New York County, within this district.

**ARGUMENT**

I. THE COMPANY IS ELIGIBLE TO BE A DEBTOR
UNDER THE BANKRUPTCY CODE

As a threshold matter, to be eligible for recognition under chapter 15 of the Bankruptcy Code, a company must first be eligible to be a debtor pursuant to section 109(a). Section 109(a) provides that "only a person that resides or has domicile, a place of business, or property in the United States, may be a debtor under this title." 11. U.S.C. § 109(a). Foreign debtors only need only have a minimal amount of property located in the United States. *See, e.g., In re B.C.I. Fins. Pty Ltd.*, 2018 Bankr. Lexis 1217 *11 (Bankr. S.D.N.Y. 2018). In this case, the Company is eligible as a debtor pursuant to section 109(a) because it has assets in the United States including (1) investment assets held in accounts with State Street Bank and (2) residual interests in two trusts established for benefit of the Company's direct and reinsurance creditors. Barker Declaration at ¶15 The Company is also party to 21 litigation matters pending in the United States. Barker Declaration at ¶ 21.

II. THE UK PROCEEDING IS ENTITLED TO
RECOGNITION AS A FOREIGN MAIN PROCEEDING

Chapter 15 of the Bankruptcy Code applies when a foreign representative seeks the assistance of a United States bankruptcy court in connection with a foreign proceeding. *See* 11 U.S.C. § 1501(b)(l). Through the chapter 15 recognition process, debtors in foreign insolvency can protect themselves from collateral attacks in the United States that may threaten or subvert the proper foreign proceeding.

Section 1517(a) of the Bankruptcy Code sets forth the requirements for recognition as a "foreign proceeding" and provides, in pertinent part:

> after notice and a hearing, an order recognizing a foreign proceeding shall be entered if (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign

nonmain proceeding within the meaning of section 1502; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a). *See also In re Millennium Global*, 458 B.R. 63, 69-70 (Bankr. S.D.N.Y. 2011) ("In the words of one decision, chapter 15 imposes a fairly rigid procedural structure for recognition of a foreign proceeding but then affords the court 'substantial discretion and flexibility' in fashioning relief. The UNCITRAL Guide to Enactment further explains, '[I]f recognition is not contrary to the public policy of the enacting State and if the application meets the requirements set out in the article, recognition will be granted as a matter of course.'") (quoting UNCITRAL Legislative Guide on Insolvency Law, U.N. Pub. Sales. No. E.05.V.10 (2005), at ¶ 124, available at http://www.uncitral.org/pdf/english/texts/insolven/05-80722_Ebook.pdf). Further, section 1517(b)(1) provides that a foreign proceeding shall be recognized as a "foreign main proceeding" if such proceeding is pending in the country that is the center of the debtor's main interests. 11 U.S.C. § 1517(b)(1). For the reasons set forth in detail below, the UK Proceeding is entitled to recognition as a "foreign main proceeding" under chapter 15 of the Bankruptcy Code because, among other things:

(a) the UK Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code; and

(b) the UK Proceeding is a "foreign main proceeding" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

Additionally, the Administrators are each a "person" and are "foreign representatives" within the meaning of sections 101(41) and 101(24) of the Bankruptcy Code; and the Chapter 15 Petition was filed in accordance with sections 1504 and 1509 of the Bankruptcy Code and meets the requirements of section 1515 of the Bankruptcy Code.

A.   **This Case Concerns a "Foreign Proceeding"**

When determining if a specific proceeding qualifies as a "foreign proceeding" courts

5

consider whether the foreign proceeding is: (i) either judicial or administrative; (ii) collective in nature; (iii) in a foreign country; (iv) authorized or conducted under a law related to insolvency or the adjustments of debts in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and (v) for the purpose of reorganization or liquidation. *See In re ENNIA Caribe Holding N.V.*, 594 B.R. 631, 638 (S.D.N.Y. 2018).

This Chapter 15 Case concerns a foreign proceeding because the UK Proceeding satisfies the above factors. The UK Proceeding satisfies the first factor because the UK Proceeding was commenced in England and Wales under the Insolvency Act and is now subject to the jurisdiction of the English Court. The UK Proceeding is a "collective proceeding" because the Administrators must perform their functions in the interests of all of the Company's creditors as a whole. Katz Declaration at ¶18.

In addition, the UK Proceeding satisfies the third and fourth factors for qualification as a "foreign proceeding" because the English Court is located in a foreign country and the Insolvency Act provides a statutory means for (a) rescuing a company as a going concern, (b) achieving a better result for a company's creditors as a whole rather than would be likely if the Company were wound up without first going into administration, or (c) realizing on property to make distributions to secured or preferential creditors. Katz Declaration at ¶ 19. The Company's affairs, business, and property are managed by the Administrators who are officers of the English Court and subject to the English Court's control and supervision, as required by the fourth factor. Katz Declaration at ¶ 18.

The UK Proceeding satisfies the fifth factor because the UK Proceeding aims to facilitate the Company's wind down. Barker Declaration at ¶ 24.

Since the enactment of chapter 15 of the Bankruptcy Code, English proceedings

6

including administrations have routinely been granted recognition by courts in the United States. *See e.g., In re NMC Health PLC*., Case No. 20-11385 (MFW) [ECF. No. 24] (Bankr. D. Del. June 17, 2020); (recognizing an administration proceeding in the United Kingdom as a foreign main proceeding); *In re Stronghold Insurance Company Ltd*., Case No. 19-13096 (MEW) [ECF. No. 31] (Bankr. S.D.N.Y. Oct. 23, 2019) (same) *In re Karhoo Inc., Case No. 16-13545* (MKV) [ECF No. 31] (Bankr. S.D.N.Y. Feb. 1, 2017) (same); *In re Privilege Wealth Plc*, Case No. 18-25493 (JKS) [ECF No. 10] (Bankr. D. N.J. Sept. 6, 2018) (same); *Harkand Gulf Contracting Ltd*., Case No. 16-33091 (EVR) [ECF No. 58] (Bankr. S.D. Tex. July 25, 2016) (same); *See also*, *In re Avanti Commc'ns Grp. PLC*, 582 B.R. 603 (Bankr. S.D.N.Y. 2018). Accordingly, the Chapter 15 Case concerns a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

### B. The UK Proceeding is Pending in the Company's Center of Main Interests

Further, the UK Proceeding is a "foreign main proceeding," as defined in section 1502(4) and 1517(b) of the Bankruptcy Code. The Bankruptcy Code provides that a "foreign proceeding" that is the subject of a chapter 15 petition is a "foreign main proceeding" if it is pending in the country where the debtor has the center of its main interests. 11 U.S.C. § 1517(b)(1). Section 1516(c) of the Bankruptcy Code provides that in the absence of evidence to the contrary, the debtor's center of main interests is presumed to be located at its registered office. 11 U.S.C. § 1516(c). *See In re Tri-Continental Exchange Ltd*., 349 B.R. 627, 635 (Bankr. E.D. Cal. 2006) ("In effect, the registered office (or place of incorporation) is evidence that is probative of, and that may in the absence of other evidence be accepted as a proxy for, 'center of main interests.'").

In addition, courts may look to other probative factors, such as the location of the debtor's headquarters, management, assets, and creditors, and the jurisdiction of controlling law

7

to determine the center of a debtor's main interests. *In re Millennium Global,* 458 B.R. at 76 ("In determining the [center of main interests] of a foreign debtor, cases have examined a number of factors, including: the location of the debtor's headquarters; the location of those who actually manage the debtor (which, conceivably could be the headquarters of a holding company); the location of the debtor's primary assets; the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose law would apply to most disputes.") (quoting *In re SPhinX*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006), aff'd, 371 B.R. 10 (S.D.N.Y. 2007)). In examining these factors, there is no doubt that England and Wales is the center of the Company's main interests.

*Place of Registered Office, Incorporation and Operation*. The Company is a corporation incorporated in England and Wales and has its registered office at 1 More London Place, London, SE1 2AF. Katz Declaration at ¶ 9. Accordingly, England and Wales is presumed to be the center of main interests for the Company as provided in section 1516(c) of the Bankruptcy Code. Even if the presumption did not apply, the remaining factors cited above all support England and Wales as the center of main interests of each member of the Company.

*Operations, Headquarters and Management*. The Company's headquarters, executive offices, and mailing address are in London, where all of the strategic decision-making and corporate functions of the Company occur. Barker Declaration at ¶ 7.

Accordingly, the UK Proceeding is pending where the Company has its center of main interests, and the proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) and 1517(b) of the Bankruptcy Code.

    **C.**    **The Case Was Commenced by the "Foreign Representatives"**

This Chapter 15 Case was commenced by the English Court appointed Administrators, who, under the Insolvent Act, are authorized to administer the reorganization or liquidation of

8

the Company's assets or affairs. Section 101(24) of the Bankruptcy Code defines a "foreign representative," in pertinent part, as a "person or body… authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24). A foreign representative need not be appointed specifically for the purpose of acting in other proceedings, but may be a person appointed to administer the debtor's assets in that foreign proceeding. *See, e.g. In re Betcorp Ltd.*, 400 B.R. 266, 294 (Bankr. D. Nev. 2009) (holding that liquidators in an Australian insolvency proceeding who were authorized to act on the debtor's behalf and carry out its appropriate duties were "foreign representatives" pursuant to Bankruptcy Code section 101(24)).

In this case, the Company engaged EY for appointment of their professionals as joint administrators to help facilitate the Company's wind down. Katz Declaration at ¶ 14. And the Administration Order provides that while the order is in force, the Administrators will manage the affairs, business, and property of the Company, and they are entitled to exercise any powers conferred on them by the Insolvency Act jointly or individually. Administration Order at ¶ 3. Pursuant to section 1516(a) of the Bankruptcy Code, the Court is therefore entitled to presume that the representatives so identified in the Administration Order are "foreign representatives." Accordingly, the Administrators are "foreign representatives" within the meaning of section 101(24) of the Bankruptcy Code.

### D. This Case Was Properly Commenced under Chapter 15

The Foreign Representatives duly and properly commenced this Chapter 15 Case, as required by sections 1504 and 1509 of the Bankruptcy Code, by filing the Chapter 15 Petition for recognition of a foreign proceeding under section 1515(a) accompanied by all documents and information required by section 1515(b) and (c). *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R.

9

325 (S.D.N.Y. 2008) ("A case under chapter 15 is commenced by a foreign representative filing a petition for recognition of a foreign proceeding under section 1515 of the Bankruptcy Code."). Because the Foreign Representatives filed the form and verified petition for recognition together with all ancillary documents required by section 1515, they have properly commenced this Chapter 15 Case.

Accordingly, for the reasons set forth above, the Foreign Representatives respectfully submit that the Court should enter an order recognizing the UK Proceeding as a "foreign main proceeding" pursuant to section 1517 of the Bankruptcy Code.

### III. RECOGNITION OF THE UK PROCEEDING IS NOT CONTRARY TO PUBLIC POLICY

Because the relief requested herein is not contrary to the public policy of the United States, therefore, the "public policy exception" discussed below under Section 1506 has no application here. A court may refuse to take an action in the context of relief requested under chapter 15, including recognition of a foreign main proceeding or enforcement of a foreign order, if such "action would be manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506. However, the legislative history of section 1506 makes clear that the public policy exception should be narrowly interpreted and is restricted to "the most fundamental policies of the United States." *In re Ephedra Prods. Liab. Litig.*, 349 B.R. 333, 336 (S.D.N.Y. 2006) (citing H.R. Rep. No. 109-31(I), at 109, as reprinted in 2005 U.S.C.C.A.N. 88, 172). *See also In re Gold & Honey, Ltd.*, 410 B.R. 357 (Bankr. E.D.N.Y. 2009); *Cf. Hilton v. Guyot*, 159 U.S. 113 (1895) (holding that a foreign judgment should generally be accorded comity if "its proceedings are according to the course of a civilized jurisprudence"). Accordingly, courts have held that the public policy exception "should be interpreted restrictively" and that "a foreign judgment should generally be accorded comity if its proceedings are . . . fair and impartial." *See*

*Iida v. Kitahara* (*In re Iida*), 377 B.R. 243, 259 (B.A.P. 9th Cir. 2007) ("This public policy exception is narrow and, by virtue of the qualifier 'manifestly,' is limited only to the most fundamental policies of the United States."). Courts engaging in this analysis examine (i) whether the foreign proceeding was procedurally unfair and (ii) whether the application of foreign law would "'severely impinge the value and import' of a United States statutory or constitutional right, such that granting comity would 'severely hinder United States bankruptcy courts' abilities to carry out . . . the most fundamental policies and purposes' of these rights." *In re Qimonda AG*, 433 B.R. at 569 (citing *Gold & Honey, Ltd.*, 410 B.R. at 372).

In this instance, recognition of the UK Proceeding cannot be said to offend a fundamental public policy of the United States, and in fact furthers the public policies of the United States of cooperating with foreign jurisdictions in insolvency matters and protecting debtors and creditors alike by allowing debtors to reorganize or liquidate their affairs in a controlled, orderly fashion.

A fundamental objective of chapter 15 is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. § 1501(a)(3). The Foreign Representatives commenced this Chapter 15 Case to obtain this Court's assistance in ensuring an orderly management of the Company's affairs in England and Wales, as well as the United States. Barker Declaration at ¶27.

Refusing to recognize the UK Proceeding would allow parties to continue to take action against the Company in the United States, despite the moratorium imposed by the UK Proceeding. As further explained in the Chapter 15 Petition, continuation of litigation and enforcement actions against the Company in the United States would deplete the Company's limited resources in defending such actions. Chapter 15 Petition at ¶ 17. Further, in the absence of chapter 15 relief, the Company's creditors may commence independent actions against the

Company's assets in the United States that would undermine a fair distribution to creditors in accordance with the priorities applicable in the UK Proceeding. *Id.*

Accordingly, the Foreign Representatives respectfully submit that, under section 1520 of the Bankruptcy Code, this Court should enter an order granting recognition to the UK Proceeding. Such relief furthers the United States public policy respecting foreign insolvency proceedings as articulated, among other ways, through the relief available in chapter 15 of the Bankruptcy Code.

## **CONCLUSION**

WHEREFORE, the Foreign Representatives respectfully request that this Court grant the relief requested in the Chapter 15 Petition and such other and further relief as this Court may find just and proper.

Dated: September 14, 2020
      New York, New York

                                           Respectfully submitted,

                                           FRIED, FRANK, HARRIS, SHRIVER
                                             & JACOBSON LLP

                                           /s/ Gary L. Kaplan
                                           Gary L. Kaplan
                                           Brad Eric Scheler
                                           Andrew M. Minear
                                           Sari J. Rosenfeld
                                           One New York Plaza
                                           New York, New York  10004
                                           Telephone:   (212) 859-8000
                                           Facsimile:    (212) 859-4000

                                           *Attorneys for Richard Barker and Simon Edel*
                                           *as Foreign Representatives of CX Reinsurance*
                                           *Company Limited (in Administration)*