Brad Eric Scheler
Gary L. Kaplan
Andrew M. Minear
Sari J. Rosenfeld
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

*Attorneys for Richard Barker and Simon Edel as
Foreign Representatives of CX Reinsurance
Company Limited (in Administration)*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------  x
                                                              :
In re:                                                        :    Chapter 15
                                                              :
CX REINSURANCE COMPANY LIMITED (in                            :    Case No. 20-12156 (MG)
Administration)                                               :
                                                              :
          Debtor in a Foreign Proceeding                      :
                                                              :
------------------------------------------------------------  x
```

**EX PARTE MOTION OF FOREIGN REPRESENTATIVES FOR ORDER
SCHEDULING HEARING AND SPECIFYING
THE FORM AND MANNER OF SERVICE OF NOTICE**

Richard Barker and Simon Edel, in their capacity as foreign representatives and joint administrators (the "**Foreign Representatives**" or the "**Administrators**") of CX Reinsurance Company Limited (in Administration) (the "**Company**") as debtor in administration under Schedule B1 of the Insolvency Act of 1986 of England and Wales (the "**Insolvency Act**" and such proceeding together with any ancillary, related or subsequent proceeding in England and Wales, the "**UK Proceeding**"), pursuant to an order by the High Court of Justice, the Business and Property Courts of England and Wales, (and any amendments thereto, the "**Administration**

Order")[1] by and through their undersigned counsel, Fried, Frank, Harris, Shriver & Jacobson LLP, respectfully submit this Motion pursuant to sections 1514, 1515, and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"), and Rules 2002, 9006, 9007 and 9008 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") specifying the form and manner of service of notice of: (a) the filing of the Company's *Verified Petition for Recognition of Foreign Main Proceeding* (the "**Chapter 15 Petition**") and certain related pleadings filed contemporaneously herewith; (b) the deadline to object to this Court's (defined below) entry of a final order granting the relief sought in the Chapter 15 Petition (the "**Recognition Objection Deadline**"); (c) the hearing for the Court to consider the Chapter 15 Petition and the relief requested in the Chapter 15 Petition (the "**Recognition Hearing**"); and (d) all other pleadings or papers that the Foreign Representatives file in this chapter 15 case (this "**Chapter 15 Case**"). In support of the relief requested herein, the Foreign Representatives respectfully state as follows:

## **Preliminary Statement**

1.      The Foreign Representatives hereby seek ex parte relief solely for the purpose of setting the date for the hearing on the Chapter 15 Petition, establishing the date for the Recognition Objection Deadline, and specifying the form of notice and manner of service of each of the foregoing, the Chapter 15 Petition and all other pleadings or papers that the Foreign Representatives file in this Chapter 15 Case. This relief is necessary to ensure that all parties in interest receive adequate notice of the Chapter 15 Petition and the Recognition Hearing.

---

[1] A true and correct copy of the Administration Order is attached as **Exhibit A** to the *Declaration of Richard Barker as Foreign Representative of CX Reinsurance Company Limited in Support of Its Verified Petition for Recognition of Foreign Main Proceeding and Granting Certain Related Relief* (the "**Barker Declaration**").

Importantly, the Foreign Representatives are not seeking a temporary restraining order or any other preliminary or emergency relief in connection with the Motion.

## Jurisdiction and Venue

2.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3.       This Chapter 15 Case has been commenced properly pursuant to section 1504 of the Bankruptcy Code by the filing of the Chapter 15 Petition for recognition of the UK Proceeding pursuant to section 1515 of the Bankruptcy Code.

4.       Venue is proper in this district pursuant to 28 U.S.C. § 1410(1), which provides that venue is proper in a district in which the debtor's principal assets in the United States are located. The Company's principal assets in the United States are the Trust Assets (as defined below) and Investment Assets (as defined below) held in New York County, within this district.

5.       The Foreign Representatives respectfully move this Court pursuant to sections 1514, 1515 and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 9006, 9007, and 9008.

## Background

6.       The Company is an insurance business incorporated, authorized, and regulated in England and Wales. Before 2001, the Company underwrote an insurance and reinsurance portfolio, however, it ceased writing new business in August 2001, and since then has been in solvent runoff. While in runoff, the Company has been managing the Company's existing insurance and reinsurance policies, including settling creditor claims and collecting reinsurance recoveries from reinsurers.

7.      In the United States, the Company's primary assets are: (1) residual interests in two trusts established for the benefit of the Company's direct and reinsurance creditors (the "**Trust Assets**"); and (2) investment assets held in accounts with State Street Bank (the "**Investment Assets**"). The Company's Trust Assets are regulated by the New York State Department of Financial Services. The Foreign Representatives have already engaged in preliminary discussions with, and are working cooperatively with the New York State Department of Financial Services regarding the UK Proceeding and this Chapter 15 Case.

8.      On August 17, 2020, by virtue of the Administration Order, the Company entered into the UK Proceeding under the Insolvency Act. Richard Barker, an associate partner, and Simon Edel, a partner, at Ernst & Young LLP, were appointed as Administrators.

9.      The Foreign Representatives commenced this Chapter 15 Case to seek recognition of the UK Proceeding in order to preserve the Company's Trust Assets and Investment Assets, give effect to the Company's UK Proceeding in the United States, and to ensure an orderly and consistent management of the Company's affairs by the Administrators in England and Wales and in the United States.

10.     For a more detailed description of the UK Proceeding and the Company's activities, business, and circumstances leading to the filing of this Chapter 15 Case, the Court is referred to the Chapter 15 Petition and the Barker Declaration, which are each filed contemporaneously herewith and incorporated herein by reference.

## **Relief Requested**

11.     By this Motion, the Foreign Representatives respectfully request that the Court enter the Proposed Order: (a) approving the notice, substantially in the form attached as **Exhibit 1** to the Proposed Order (the "**Recognition Hearing Notice**"), of (i) the filing of the Chapter 15 Petition and related pleadings (ii) the Recognition Objection Deadline, and (iii) the Recognition

Hearing; (b) approving the manner of service of the Recognition Hearing Notice on the Notice

Parties (as defined below); and (c) granting certain related relief.

12.     Pursuant to Rule 2002(q) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**") and Rule 2002-4 of the Local Bankruptcy Rules for the Southern District

of New York (the "**Local Rules**"), the Foreign Representatives propose to serve by first class

mail, through Epiq Bankruptcy Solutions LLC, the Company's noticing agent ("**Epiq**"): (i) the

Recognition Hearing Notice, (ii) the Proposed Order, (iii) and any other significant papers in this

Chapter 15 Case on the following parties (collectively, the "**Notice Parties**") : (a) all persons or

bodies authorized to administer foreign proceedings of the Company; (b) counsel to the litigation

claimants listed on **Schedule B** of the petition; (c) all known creditors of the Company in the

United States pursuant to Rule 2002 of the Bankruptcy Rules (d) the Office of the U.S. Trustee;

(e) the New York State Department of Financial Services; (f) all other parties that this Court may

direct. The Foreign Representatives will also publish notice once in a national publication in *USA

Today* ("**USA Today**"). Such service will be effectuated within three business days of entry of

the Proposed Order.

13.     The Recognition Hearing Notice will notify the Notice Parties of the filing of the

Chapter 15 Petition and related papers, and provide the Recognition Objection Deadline along

with the date and time of the Recognition Hearing.

14.     If any party files a notice of appearance in this Chapter 15 Case prior to the

Recognition Hearing, the Foreign Representatives will serve, or cause to be served on such party,

the Recognition Hearing Notice within three business days of the filing of such notice of

appearance to the extent that these documents have not already been served on such party. In

addition, to the extent the Foreign Representatives learn of any additional creditors in the United

States or other parties to litigation, arbitrations, or other proceedings involving the Company, the Foreign Representatives will promptly serve such parties.

**Basis for Relief**

15.     Under Bankruptcy Rule 2002(q)(1), parties are to be given at least 21 days' notice by mail of a hearing to consider granting the relief requested in a chapter 15 petition. Fed. R. Bankr. P. 2002(q). Although Bankruptcy Rule 2002(q) does not specify a required form and manner of the notice, the Court may specify such form and manner of notice pursuant to Bankruptcy Rules 2002(m) and 9007. Fed. R. Bankr. P. 2002(m). Moreover, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by the Foreign Representative. Accordingly, the Foreign Representatives respectfully request that the Court set the Recognition Hearing to consider entry of an order recognizing the UK Proceeding as a foreign main proceeding, for a date 21 days after service of the Recognition Hearing Notice or as soon as the court is available thereafter.

16.     Service of the Recognition Hearing Notice in the manner proposed in this Motion will provide the Notice Parties with sufficient notice in an efficient manner of the relief requested in the Chapter 15 Petition, the Recognition Hearing date, and the Recognition Objection Deadline.

17.     Pursuant to Bankruptcy Rule 2002(l), the Court is permitted to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). In an effort to provide additional notice to any unknown interested parties, the Foreign Representatives propose that the Company publish a notice substantially in the form of the Recognition Hearing Notice attached hereto as **Exhibit 2** (modified as necessary and appropriate for publication purposes) in the national edition of USA Today within three business days of entry of the Proposed Order. Supplementing notice by publication will ensure such parties receive sufficient notice of (a) the filing of the Chapter 15

Petition and certain related pleadings; (b) the deadline to object to the Court's entry of the Proposed Order; and (c) the Recognition Hearing.

18.     Bankruptcy Rule 1011(b) provides that a party objecting to the relief sought by a petition commencing an ancillary proceeding under chapter 15 of the Bankruptcy Code has 21 days from service of summons to respond. The Foreign Representatives believe that Bankruptcy Rule 1011(b)'s reference to a "summons" is inapplicable because Bankruptcy Rule 1010's summons requirement does not apply to petitions for recognition of a foreign main proceeding. Accordingly, the Foreign Representatives respectfully request the Court to determine that pursuant to Bankruptcy Rule 1011(b), no summons is required.

19.     The Foreign Representatives respectfully request that the Court waive the requirement set forth in section 1514(c) of the Bankruptcy Code in this Chapter 15 Case. That section provides that "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; and (2) indicate whether secured creditors need to file proofs of claim. . . ." 11 U.S.C. § 1514(c).  It appears that section 1514 was not intended to apply in the context of an ancillary case under chapter 15. As explained in Collier: "The last in the series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511, section 1514(a) provides that foreign creditors shall receive proper notice in cases in the United States." 8 Collier on Bankruptcy ¶ 1514.01 (16th ed. rev. 2011) (emphasis added).

20.     Moreover, bankruptcy courts in this district have waived section 1514(c)'s notice requirement upon request. *See e.g.*, *In re The Cash Store Fin. Servs. Inc.*, No. 15-12813 (MEW) (Bankr. S.D.N.Y. Oct. 19, 2015*)*; *In re Daebo Int'l Shipping Co., Ltd.*, No. 15-10616 (MEW)

(Bankr. S.D.N.Y. Mar. 17, 2015); *In re Lupatech S.A., et al.*, No. 14-11559 (SMB) (Bankr. S.D.N.Y. May 28, 2014); *In re IT Factory* A/S, No. 13-10954 (MG) (Bankr. S.D.N.Y. Apr. 1, 2013); *See, e.g., In re Chembulk New York Pte Ltd, et al*., No. 12-11007 (Bankr. S.D.N.Y. Mar. 15, 2012) (granting debtor's proposed form of notice and waiving section 1514(c) requirement); *In re Pt. Arpeni Pratama Ocean Line Tbk.,* No. 11-15691 (Bankr. S.D.N.Y. Dec. 13, 2011) (same).

21.     The Foreign Representatives respectfully submit that service to the Notice Parties as proposed herein is due and sufficient notice and service on all interested parties of the filing of the Chapter 15 Petition, the Proposed Order, the Recognition Objection Deadline, and the Recognition Hearing date. Accordingly, the Foreign Representatives respectfully request that the Court determine that such notice is due and sufficient under the circumstances of this Chapter 15 Case.

## Notice

22.     Notice of this Motion has been provided to: (a) all persons or bodies authorized to administer foreign proceedings of the Company; (b) the U.S. Trustee; and (c) any other parties that this Court may direct. The Foreign Representatives respectfully request that this Court grant this Motion without further notice to creditors. In light of the nature of the relief requested herein, the Foreign Representatives respectfully request that no further notice of this Motion is necessary.

## No Prior Request

23.     No prior request for the relief requested in this Motion has been made to this or any other court.

**<u>Conclusion</u>**

WHEREFORE, the Foreign Representatives respectfully request that this Court enter the

Proposed Order in the form attached hereto as **Exhibit A g**ranting the relief requested herein and

such other relief as this Court may find just and proper.


Dated: New York, New York
      September 15, 2020

                          FRIED, FRANK, HARRIS, SHRIVER
                            & JACOBSON LLP

                          /s/ Gary L. Kaplan
                          Gary L. Kaplan
                          Brad Eric Scheler
                          Andrew M. Minear
                          Sari J. Rosenfeld
                          One New York Plaza
                          New York, New York  10004
                          Telephone:    (212) 859-8000
                          Facsimile:    (212) 859-4000

                          *Attorneys for Richard Barker and Simon*
                          *Edel as Foreign Representatives of CX*
                          *Reinsurance Company Limited (in*
                          *Administration)*

## **Exhibit A**

Proposed Order

Brad Eric Scheler
Gary L. Kaplan
Andrew M. Minear
Sari J. Rosenfeld
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

*Attorneys for Richard Barker and Simon Edel as*
*Foreign Representatives of CX Reinsurance*
*Company Limited (in Administration)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------  x
                                                                  :
*In re:*                                                          :    Chapter 15
                                                                  :
CX REINSURANCE COMPANY LIMITED (in                                :    Case No. 20-12156 (MG)
Administration)                                                   :
                                                                  :
          Debtor in a Foreign Proceeding                          :
                                                                  :
----------------------------------------------------------------  x

## ORDER SCHEDULING HEARING AND SPECIFYING
## FORM AND MANNER OF SERVICE OF NOTICE

Upon the motion (the "**Motion**")[1] of Richard Barker and Simon Edel, in their capacity as

the foreign representatives (the "**Foreign Representatives**") of CX Reinsurance Company

Limited (in Administration) (the "**Company**") for entry of an order scheduling a hearing

specifying the form and manner of service of notice (this "**Order**"); and this Court (defined below)

having reviewed the Motion and the statements contained in the Chapter 15 Petition and the

*Declaration of Richard Barker as Foreign Representative of CX Reinsurance Company Limited*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

*Support of its Verified Petition for Recognition of Foreign Main Proceeding and Related Relief*

(the "**Barker Declaration**"), and it appearing that this Court has jurisdiction to consider the

Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended

Standing Order of Reference from the United States District Court for the Southern District of

New York dated as of January 31, 2012; and due and sufficient notice of the Motion having been

given and no further notice need be provided; and it appearing that the relief requested in the

Motion is in the best interests of the Company, its creditors, and additional interested parties, and

will further the objectives of chapter 15 of the Bankruptcy Code; and after due deliberation and

sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is Granted.

2.      A hearing to consider the Verified Petition for Recognition of Foreign Main

Proceeding and Related Relief (the "**Chapter 15 Petition**") and the Foreign Representatives'

request for recognition of the UK Proceeding and related relief (the "**Recognition Hearing**") shall

be held on [●], 2020 before the honorable Martin Glenn of the United States Bankruptcy Court for

the Southern District of New York (the "**Court**"), or as soon or as soon thereafter as counsel may

be heard.

3.      Pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.), the

Recognition Hearing will be conducted telephonically unless otherwise ordered by the Court. Any

parties who wish to participate must do so telephonically by making prior arrangements through

CourtSolutions LLC (www.court-solutions.com).

4.      The form of Recognition Hearing Notice attached hereto as **Exhibit 1**, is hereby

approved.

2

5.      All notice requirements set forth in section 1514(c) of the Bankruptcy Code are hereby waived.

6.      Before mailing the Recognition Hearing Notice, the Foreign Representatives and Epiq Bankruptcy Solutions LLC ("**Epiq**") may edit the Recognition Hearing Notice by filling in any missing dates and other information as ordered by this Court, conforming the provisions thereof to the provisions of this Order, and by making any other non-material and non-substantive changes as the Foreign Representatives may deem necessary or appropriate.

7.      The Foreign Representatives shall serve, or cause to be served, in accordance with Bankruptcy Rule 2002(q) and Local Rule 2002-4, on the Notice Parties the Recognition Hearing Notice, including all exhibits thereto, by first class mail, within three business days of the entry of this Order. The Foreign Representatives may also elect to serve exhibits to the Recognition Hearing Notice in a widely accessible digital media storage format.

8.      Any party in interest wishing to submit a response or objection to the Chapter 15 Petitions or the relief requested by the Foreign Representatives must do so in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure for the Southern District of New York, in writing setting forth the basis therefor, which response or objection must be filed electronically with the Court by registered users of the Court's electronic case filing system in accordance with General Order M-399 (a copy of which may be viewed on the Court's website, http://www.nysb.uscourts.gov) and with the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means, and served upon Fried, Frank, Harris, Shriver & Jacobson LLP by email to Gary L. Kaplan and Andrew M. Minear at gary.kaplan@friedfrank.com and andrew.minear@friedfrank.com, so as to be received on or before [●], 2020 at 4:00 p.m. (Eastern Time). A courtesy copy shall be served upon the Court's

chamber's email address. In the event that objections are received, the Foreign Representatives shall file their replies, if any, so as to be received on or before [●], 2020 at [●] (Eastern Time).

9.      If any party files a notice of appearance in this Chapter 15 Case before the Recognition Hearing, the Foreign Representatives shall serve, or cause to be served on such party the Recognition Hearing Notice on such party within three business days of the filing of such notice of appearance to the extent that these documents have not already been served on such party.

10.     To the extent the Foreign Representatives learn of any additional creditors in the United States or other parties to litigation, arbitrations, or other proceedings involving the Company, the Foreign Representatives will promptly serve such parties.

11.     If a party only accepts service by email, then the Foreign Representatives or Epiq may serve such party by email, notwithstanding any order to the contrary contained herein.

12.     The Foreign Representatives shall cause the Recognition Hearing Notice (as set forth on **Exhibit 2**, and which may be modified for publication purposes) to be published within three business days of entry of this Order in the national edition of USA Today.

13.     Service of the Recognition Hearing Notice, the Chapter 15 Petition, the Proposed Order, and all other pleadings or papers filed by the Foreign Representatives in accordance with this Order is hereby approved as due and sufficient notice and service thereof.

14.     Bankruptcy Rule 1010 shall not apply to the Company's Chapter 15 Petition and, therefore, the summons requirements in Bankruptcy Rule 1011(b) are inapplicable to the Chapter 15 Petition and any requirements under the Bankruptcy Code, the Bankruptcy Rules, or otherwise for notice thereof.

15.     This Court shall retain jurisdiction with respect to any and all matters arising from or relating to the interpretation or implementation of this Order.

Dated: New York, New York
_____, 2020

_____

MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

Recognition Hearing Notice

Brad Eric Scheler
Gary L. Kaplan
Andrew M. Minear
Sari J. Rosenfeld
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York  10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

*Attorneys for Richard Barker and Simon Edel as*
*Foreign Representatives of CX Reinsurance*
*Company Limited (in Administration)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
*In re:*                                                     :    Chapter 15
                                                             :
CX REINSURANCE COMPANY LIMITED (in                           :    Case No. 20-12156 (MG)
Administration)                                              :
                                                             :
            Debtor in a Foreign Proceeding                   :
                                                             :
------------------------------------------------------------ x

**RULE 2002 NOTICE OF FILING AND HEARING ON PETITION FOR RECOGNITION**
**OF A FOREIGN PROCEEDING AND RELATED RELIEF**

       **PLEASE TAKE NOTICE** that on September 14, 2020, Richard Barker and Simon Edel, the foreign representatives (the "**Foreign Representatives**") in the above-captioned chapter 15 case (this "**Chapter 15 Case**") in respect of CX Reinsurance Company Limited (in Administration) (the "**Company**") and its administration proceeding (the "**UK Proceeding**"), under Schedule B1 of the Insolvency Act 1986 of England and Wales before the High Court of Justice, Business and Property Courts of England and Wales, filed (i) a petition for recognition of the UK Proceeding (the "**Petition**") under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") and (ii) the *Verified Petition for Recognition of Foreign Main Proceeding and Granting Related Relief* (the "**Chapter 15 Petition**") with accompanying documentation with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") seeking entry of an order (a) recognizing the UK Proceeding as a "foreign main proceeding" and (b) granting related relief. A copy of the Chapter 15 Petition is attached hereto as **Appendix 1.** The proposed order granting recognition of the UK Proceeding and other related relief is attached to the Chapter 15 Petition as **Exhibit A.**

**PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing before the Honorable Martin Glenn on [●], 2020 at [●], (prevailing Eastern time) to consider approval of the Chapter 15 Petition and granting of the relief requested in the Chapter 15 Petition (the "**Recognition Hearing**").

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing will be conducted telephonically in accordance with General Order M-543 dated March 20, 2020 (Morris, C.J.). Any parties wishing to participate must do so telephonically by making arrangements through CourtSolutions LLC (www.court-solutions.com), for which registration instructions are attached to General Order M-543.

**PLEASE TAKE FURTHER NOTICE** that General Order M-543 and other temporary procedures this Court has implemented in connection with the COVID-19 pandemic (including procedures for electronic filing for *pro se* parties) can be found by visiting http://www.nysb.uscourts.gov and clicking "Coronavirus COVID-19 Protocol".

**PLEASE TAKE FURTHER NOTICE** that the Court may order the scheduling of a case management conference to consider the efficient administration of this Chapter 15 Case.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the Chapter 15 Petition must be filed in accordance with the Bankruptcy Code, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the Federal Rules of Bankruptcy Procedure, in a writing that sets forth the bases therefor with specificity and the nature and extent of the respondent's claims against the Company. Such response or objection must be (a) filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at http://www.nysb.uscourts.gov); (b) served upon (i) Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Gary L. Kaplan and Andrew M. Minear), (ii) all other parties that request notice in the Chapter 15 Case prior to the date of such service, and (iii) any other parties that the Court may direct, in each case so as to be actually received by each of them no later than **4:00 p.m. (prevailing Eastern time) on [●], 2020**; and (c) a courtesy copy must be served by email upon the Court's Chambers' email address at [●]. All parties in interest opposed and wishing to object to the Chapter 15 Petition or the request for relief contained therein must appear at the Recognition Hearing at the time and place set forth above. If no response or objection is timely filed and served as provided above, the Court may grant the relief requested by the Foreign Representatives without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than a motion on the docket in this Chapter 15 Case or an announcement in open court of the adjourned date or dates of any further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Petition and certain other pleadings filed contemporaneously therewith are available by accessing the Court's Electronic Case Filing System, which can be accessed from the Court's website at https://ecf.nysb.uscourts.gov (a PACER login and password are required to retrieve a document),

which interested parties should regularly monitor for such information, updates, and notices of important events.

## **Appendix 1**

Chapter 15 Petition

## **Exhibit 2**

Recognition Hearing Notice (Publication Version)

Brad Eric Scheler
Gary L. Kaplan
Andrew M. Minear
Sari J. Rosenfeld
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

*Attorneys for Richard Barker and Simon Edel as
Foreign Representatives of CX Reinsurance
Company Limited (in Administration)*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                           :

| | | |
|---|---|---|
| *In re:* | : | Chapter 15 |
| | : | |
| CX REINSURANCE COMPANY LIMITED (in Administration) | : | Case No. 20-12156 (MG) |
| | : | |
| Debtor in a Foreign Proceeding | : | |
| | : | |

---------------------------------------------------------------- x

**RULE 2002 NOTICE OF FILING AND HEARING ON PETITION FOR RECOGNITION
OF A FOREIGN PROCEEDING AND RELATED RELIEF**

     **PLEASE TAKE NOTICE** that on September 14, 2020, Richard Barker and Simon Edel, the foreign representatives (the "**Foreign Representatives**") in the above-captioned chapter 15 case (this "**Chapter 15 Case**") in respect of CX Reinsurance Company Limited (in Administration) (the "**Company**") and its administration proceeding (the "**UK Proceeding**"), under Schedule B1 of the Insolvency Act 1986 of England and Wales before the High Court of Justice, Business and Property Courts of England and Wales, filed (i) a petition for recognition of the UK Proceeding (the "**Petition**") under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") and (ii) the *Verified Petition for Recognition of Foreign Main Proceeding and Granting Related Relief* (the "**Chapter 15 Petition**") with accompanying documentation with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") seeking entry of an order (a) recognizing the UK Proceeding as a "foreign main proceeding" and (b) granting related relief.

     **PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing before the Honorable Martin Glenn on [●], 2020 at [●], (prevailing Eastern time) to consider approval of the

Chapter 15 Petition and granting of the relief requested in the Chapter 15 Petition (the "**Recognition Hearing**").

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing will be conducted telephonically in accordance with General Order M-543 dated March 20, 2020 (Morris, C.J.). Any parties wishing to participate must do so telephonically by making arrangements through CourtSolutions LLC (www.court-solutions.com), for which registration instructions are attached to General Order M-543.

**PLEASE TAKE FURTHER NOTICE** that General Order M-543 and other temporary procedures this Court has implemented in connection with the COVID-19 pandemic (including procedures for electronic filing for *pro se* parties) can be found by visiting http://www.nysb.uscourts.gov and clicking "Coronavirus COVID-19 Protocol".

**PLEASE TAKE FURTHER NOTICE** that the Court may order the scheduling of a case management conference to consider the efficient administration of this Chapter 15 Case.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the Chapter 15 Petition must be filed in accordance with the Bankruptcy Code, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the Federal Rules of Bankruptcy Procedure, in a writing that sets forth the bases therefor with specificity and the nature and extent of the respondent's claims against the Company. Such response or objection must be (a) filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at http://www.nysb.uscourts.gov); (b) served upon (i) Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004 (Attn: Gary L. Kaplan and Andrew M. Minear), (ii) all other parties that request notice in the Chapter 15 Case prior to the date of such service, and (iii) any other parties that the Court may direct, in each case so as to be actually received by each of them no later than **4:00 p.m. (prevailing Eastern time) on [●], 2020**; and (c) a courtesy copy must be served by email upon the Court's Chambers' email address at [●]. All parties in interest opposed and wishing to object to the Chapter 15 Petition or the request for relief contained therein must appear at the Recognition Hearing at the time and place set forth above. If no response or objection is timely filed and served as provided above, the Court may grant the relief requested by the Foreign Representatives without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than a motion on the docket in this Chapter 15 Case or an announcement in open court of the adjourned date or dates of any further adjourned hearing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Petition and certain other pleadings filed contemporaneously therewith are available by accessing the Court's Electronic Case Filing System, which can be accessed from the Court's website at https://ecf.nysb.uscourts.gov (a PACER login and password are required to retrieve a document), which interested parties should regularly monitor for such information, updates, and notices of important events.