**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                                              :
*In re:*                                                      :   Chapter 15
                                                              :
CX REINSURANCE COMPANY LIMITED (in                            :   Case No. 20-12156 (MG)
Administration)                                               :
                                                              :
            Debtor in a Foreign Proceeding                    :
                                                              :
------------------------------------------------------------- x

**ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING**
**AND RELATED RELIEF**

Richard Barker and Simon Edel, in their capacity as foreign representatives and joint administrators (the "Foreign Representatives" or the "Administrators") of CX Reinsurance Company Limited (in Administration) (the "Company"), as debtor in administration under Schedule B1 of the Insolvency Act of 1986 of England and Wales (the "Insolvency Act" and such proceeding together with any ancillary, related or subsequent proceeding in England and Wales, the "UK Proceeding"), pursuant to an order by the High Court of Justice, the Business and Property Courts of England and Wales (the "English Court") dated August 17, 2020 (and any amendments thereto, the "Administration Order"), having filed the *Verified Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "Chapter 15 Petition") commencing the above-captioned chapter 15 case (the "Chapter 15 Case") pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (as amended, the "Bankruptcy Code") seeking the entry of an order ("Order") (i) recognizing the UK Proceeding as a "foreign main proceeding" under sections 1515 and 1517 of the Bankruptcy Code; (ii) recognizing the Administrators as the Foreign Representatives, jointly and individually, of the Company in connection with the UK Proceeding; (iii) giving full force in the United States to the Administration Order including any extensions or

amendments thereof authorized by the English Court; (iv) granting related relief upon recognition of the UK Proceeding as a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code; (v) granting such other relief as this Court may find just and proper; and (vi) otherwise granting comity to and giving full force and effect to the UK Proceeding; and the Court having considered and reviewed the Chapter 15 Petition and the other pleadings and exhibits submitted by the Foreign Representatives in support of the Chapter 15 Petition (collectively the "Supporting Papers") and all objections or other responses filed thereto; and a hearing having been held on October 8, 2020; due and timely notice of the filing of the Chapter 15 Petition having been given in accordance with this Court's order dated September 15, 2020 [Docket No. 7], approving the form of notice and manner of service thereof, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given;

NOW, THEREFORE, the Court hereby finds and determines as follows:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

D. The Administrators are each a "person" as defined in section 101(41) of the Bankruptcy Code and based on the authority of the Administration Order and Insolvency Act, they are "foreign representatives" within the meaning of section 101(24) of the Bankruptcy Code.

E. The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

F. The Chapter 15 Petition and Supporting Papers meet all of the requirements of section 1515 of the Bankruptcy Code.

G. The UK Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

H. England and Wales is the center of main interests of the Company, and, accordingly, the UK Proceeding is a "foreign main proceeding" as defined in section

2

1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I. The relief granted herein is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 1507, 1509 and 1520 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of the relief granted.

J. The Foreign Representatives and the Company, as applicable, are entitled to all of the relief available pursuant to sections 1520 and 1521(a)(4) and (5) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code, to protect the assets of the Company and the interests of the Company's creditors.

K. Absent the requested relief, the efforts of the Company, the English Court and the Administrators, in conducting an orderly and consistent administration of the Company's affairs may be frustrated or impaired by the actions of certain individual creditors, a result contrary to the purposes of chapter 15.

L. The relief granted herein is necessary and appropriate, in the interests of the public and international comity, and consistent with the public policy of the United States.

ACCORDINGLY, after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Chapter 15 Petition is granted and the UK Proceeding is hereby recognized as a foreign main proceeding pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

2. The Administrators are, jointly and individually, the foreign representatives of the Company within the meaning of section 101(24) of the Bankruptcy Code and are authorized to act on behalf of the Company in this Chapter 15 Case. The Administration Order (and any amendments or extensions thereof as may be granted from time by the English Court) is hereby given full force and effect in the United States.

3. The Company and the Administrators, as its Foreign Representatives, are entitled to all of the relief provided pursuant to section 1520 of the Bankruptcy Code and all provisions of section 1520 of the Bankruptcy Code apply in this Chapter 15 Case throughout the duration of this

Chapter 15 Case or until otherwise ordered by this Court, including, without limitation, application of the automatic stay imposed by section 362 of the Bankruptcy Code. Such relief shall include, without limitation, a stay of all judicial and foreclosure proceedings in the United States against any member of the Company or against any of their respective assets in the United States. The Foreign Representatives are authorized to modify or lift the automatic stay with respect to a specific litigation matter in the United States, with the agreement of the counterparty to such litigation and without further order of the Court, by providing a notice to all parties to such litigation and filing such notice on the docket.

4. The Foreign Representatives are hereby established as the representatives of the Company with full authority to administer the Company's assets and affairs in the United States.

5. The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The Foreign Representatives, the Company, and/or each of their respective successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

7. This Order is without prejudice to the Foreign Representatives requesting any additional relief, including seeking recognition and enforcement in the United States of any further orders issued by the English Court.

8. Any objections to the Chapter 15 Petition that have not been withdrawn or resolved are hereby overruled.

9. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

10. The Foreign Representatives shall serve a copy of this Order by first class mail to (a) all persons or bodies authorized to administer foreign proceedings of the Company; (b) counsel to the litigation claimants listed on **Schedule B** of the petition; (c) all known creditors of the Company in the United States pursuant to Rule 2002 of the Bankruptcy Rules (d) the Office of the U.S. Trustee; (e) the New York State Department of Financial Services; and (f) all other parties that this Court may direct.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry

**IT IS SO ORDERED.**

Dated: October 8, 2020
       New York, New York


　　　　　　　　　　　　　　　　　　　　　　　  **/s/ Martin Glenn**
　　　　　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge